UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

                            Case No. 23-20011
v.                         Honorable Victoria A. Roberts

YIFEI CHU,

     Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR BOND [ECF No. 13]

## I.    INTRODUCTION

Before the Court is Defendant Yifei Chu's motion to vacate order of detention (i.e., motion for bond) [ECF No. 13].  A hearing is unnecessary.

The Court **GRANTS** Chu's motion.

## II.    FACTUAL BACKGROUND

### A.    Chu's Background & Alleged Criminal Conduct

Chu is a 57-year-old civil engineer from Taiwan who: (1) has resided in the United States for 35 years; and (2) became a naturalized United States citizen in 2008.

Chu is a former research scientist for the United States Navy, where he held a "secret" security clearance. Chu ceased his employment with the

United States Naval Research Laboratory to become an employee of the National Oceanic and Atmospheric Administration ("NOAA"), where he is currently employed.  The NOAA is a federal agency.

Chu recently applied for a three-year detailed assignment to the United States Embassy in Singapore working for the United States Navy in the Office of Naval Research Global. To obtain this position, Chu had to apply for and obtain a security clearance so he could access classified national security information.

The government alleges Chu made false statements during the security-clearance application process on three separate occasions: (1) on the security clearance application itself; (2) when federal background investigators interviewed him under oath; and (3) when he signed an affidavit regarding his security-clearance application. The government alleges Chu made false statements a fourth time, when he met with federal investigators on October 24, 2022, to discuss his security clearance application.

The government says Chu made false statements to hide his extensive contacts with members of the Taiwanese Navy and a Taiwanese company – including the fact that the Taiwanese company hired Chu to provide consulting services on a classified Taiwanese Navy project, and

that he met on multiple occasions with members of the Taiwanese Navy on a military base in Taiwan while he was still working for the United States. The government says the consulting services Chu provided to the Taiwanese Navy were related to his work with the United States Navy.

In addition to hiding his relationship with the Taiwanese Navy, the government alleges that Chu made false statements during his background investigation to conceal that he: (1) lived in Taiwan for approximately 11 months during 2020 and 2021, unbeknownst to the federal agency that employs him; (2) obtained a new Taiwanese passport, which he used to travel to Taiwan in 2020 and 2022; (3) maintained Taiwanese citizenship; (4) has foreign financial interests, including previous ownership of a condominium in Taiwan; and (5) used an email account and Taiwanese phone numbers while living in Taiwan during 2020 and 2021.

**B.    Criminal Complaint and Indictment**

On October 21, 2022, the government charged Chu in a Criminal Complaint with: (1) Falsification of Records in a Federal Investigation, in violation of 18 U.S.C. § 1519; and (2) False Statements, in violation of 18 U.S.C. § 1001.

On January 5, 2023, a federal grand jury returned an Indictment charging Chu with the same offenses listed in the Criminal Complaint.

**C.     Bond Proceedings**

Chu appeared at a detention hearing before Magistrate Judge

Anthony P. Patti on October 26, 2022.  Magistrate Judge Patti ordered Chu

detained pending trial.  He found that the government proved by a

preponderance of the evidence that no condition or combination of

conditions would reasonably assure Chu's appearance.  In support of his

decision, Judge Patti found that Chu:

> (1) repeatedly lied to the U.S. Government in an SF-86 form
> (seeking secret security clearance to work for the Department
> of Defense in a diplomatic, overseas posting) and in interviews
> regarding his dual citizenship, his Taiwanese passport, his
> foreign phones, his ties (including his parents and a fiancé),
> business dealings and travels to Taiwan and about his having a
> bank account there, later claiming that he 'forgot' that he had
> spent 11 months there during 2020 and 2021; (2) maintains an
> Ohio drivers license with an Ohio address on it, despite living in
> Michigan for the past 10 years; (3) has no ties to this District,
> but has significant family ties to other states and to Taiwan and
> Canada; (4) has strong incentive to flee this District; (5) has
> enhanced knowledge of U.S. Navy technology and undisclosed
> contacts with and payment from personnel at a Taiwanese
> naval base while working for the U.S. Government; (6) lied to
> Pretrial Services about his continuing dual Taiwanese
> citizenship; and, (7) said he would 'do anything for Taiwan'
> despite his naturalized U.S. citizenship and alleged
> renunciation of Taiwanese citizenship.

[ECF No. 9, PageID.43].  Judge Patti also noted that: (1) "Defendant

appears to be a pathological liar who cannot be trusted to give his word on

a bond or to abide by the Court's instructions, including remaining in this

country or District"; and (2) Taiwan does not have an extradition treaty with the United States.  [*Id.*].

Chu moves the Court to vacate the detention order and grant him bond.  The government opposes the motion.

## III.   ANALYSIS

Under 18 U.S.C. § 3145(b), a defendant ordered detained by a magistrate judge may move to revoke the detention order. The Court reviews a defendant's appeal of an order of detention *de novo*. *United States v. Manning*, No. CR 17-20469, 2018 WL 992220, at *4 (E.D. Mich. Feb. 21, 2018).

Under the Bail Reform Act, a defendant may be detained pending trial only if the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]"  18 U.S.C. § 3142(e); *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010).  The default position is that a defendant should be released pending trial.  *Stone*, 608 F.3d at 945. The government bears the burden of persuasion "to prove that no conditions of release can assure that the defendant will appear and to assure the safety of the community."  *Id.* at 946.

To determine whether no condition or combination of conditions exist that will reasonably assure a defendant's appearance, the Court considers the following factors from § 3142(g): (1) the nature and circumstances of the offenses charged; (2) the weight of the evidence against defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger posed by defendant's release. *United States v. Hoskins*, 181 F.3d 105 (6th Cir. 1999).

The government says the Court should affirm the detention order because no condition or combination of conditions will reasonably assure Chu's appearance.  It does not argue that Chu poses a danger to the community; because of this, the fourth factor from § 3142(g) is not relevant.

Chu asks the Court to release him to his Ypsilanti home under all standard conditions of "intensive pre-trial supervision" and the following specific conditions: (1) posting bond secured by his Ypsilanti home, which Chu says is worth $350,000 and "is almost paid off"; (2) home detention with GPS monitoring; and (3) agreement not to attempt to acquire a new passport.

## A.    The Nature and Circumstances of the Offenses Charged

Under § 3142(g)(1), the Court must consider "the nature and circumstances of the offense charged, including whether the offense is a

6

crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device."  A violation of § 1591 involves "sex trafficking of children or by force, fraud, or coercion."  *See* 18 U.S.C. § 1591.  "Congress . . . thought it was especially significant if the charges include an element listed in the second part of § 3142(g)(1).  *See Stone*, 608 F.3d at 947.  The charges against Chu do not involve any of those elements.  They are that Chu made false statements in connection with his security-clearance application process/background investigation.

While these charges are serious, they are not of the nature which weighs in favor of detention pending trial.  Indeed, the government concedes that Chu does not pose any danger to the community.  And although the government says Chu intentionally made the false statements to gain access to classified government information, there is no allegation that Chu was engaged in espionage or theft of trade secrets or intellectual property.

The nature and circumstances of the offenses weigh in favor of granting pre-trial release.

## B.     The Weight of the Evidence Against Chu

The "weight of evidence" factor goes to the weight of the evidence of dangerousness and risk of non-appearance, not the weight of the evidence of defendant's guilt.  *Stone*, 608 F.3d at 948 ("the weight of evidence against the person 'deals with the factors to be considered in determining whether there are conditions which will assure the appearance of the accused and safety of the community.'" (citation omitted)).

The government says the weight of the evidence is strong regarding the risk of Chu's non-appearance based on his numerous instances of lying – including lying multiple times during his background investigation, lying to Michigan and Ohio authorities about where he lives, lying to Pretrial Services, and misleading his employer regarding his whereabouts for a year.

Chu says the weight of the evidence that he presents a flight risk does not favor detention.

Chu says the government's argument on this point relies completely on speculation and conjecture.  He says the government does not and cannot point to any evidence that suggests he intends to flee the United States or defy a court order.

Chu argues that although he has ties to Taiwan, the facts support his release pending trial.  He says he: (1) has been employed by NOAA since 2008; (2) has never been convicted, much less accused, of a crime until now; (3) has resided in the United States for 35 years and the Eastern District of Michigan for seven; (4) owns a home in Ypsilanti, which he has agreed to pledge as bond; and (5) has a daughter who lives in New York City, a daughter who lives in Chicago, and a brother who lives in Columbus.

Chu says his failure to appear for court appearances would result not only in the loss of his home and most valuable asset, but also in him becoming a fugitive from justice and having to face new charges for failure to appear.  It would also mean that he could not return to the United States – his home for the past 35 years, and where his daughters and brother reside – and not travel to any of the 116 countries with which the United States has an extradition treaty.  Chu appears to suggest that giving up his ability to "return to the U.S. to visit his children [and] brother" would not make sense "[considering] the sentencing guidelines for the offenses charged, with two levels off for acceptance of responsibility, are (most likely) Level 12 (10-16 months)."  [*See* ECF No. 13, PageID.70].

9

Lastly, Chu says the fear that he could flee the United States ignores the fact that he has no passport and no ability to obtain a new one. Specifically, he says that without a driver's license, nationality certificate, birth certificate or passport, he would not be able to obtain a new passport.

The Court agrees with Chu.  Although Chu has ties to Taiwan (including, among other things, Taiwanese citizenship and parents and a fiancé who live there), there is little evidence suggesting Chu has any intention or incentive to flee; the government's argument that Chu presents a high risk of flight is speculative and unconvincing.  There are conditions which can reasonably assure Chu's appearance.

This factor weighs in favor of bond.

**C.    The History and Characteristics of Chu**

Section 3142(g)(3) provides a non-exhaustive list of factors to consider when weighing the history and characteristics of the defendant. These factors include:

> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law.

10

18 U.S.C. § 3142(g)(3)(A)-(B).

The factors in subsection (B) do not apply.  As stated above, until now, Chu had never been convicted, much less accused, of a crime.

The government says that the factors in subsection (A) weigh in favor of detention.  The Court disagrees.

The government focuses on Chu's family ties, employment, and residence.  Particularly, it says: (1) Chu has no family ties to the Eastern District of Michigan; (2) while Chu's employment with NOAA tied him to this community, it appears unlikely that he will keep his job based on these charges and him living abroad for nearly a year without his employer's knowledge; (3) although Chu owns a home here, he never obtained a Michigan driver's license and always listed his ex-wife's address in Columbus, Ohio as his residence on his license; and (4) due to technology, Chu could sell his home electronically and without being present in the United States.

The government is correct that Chu has no family ties in this District; however, it appears that the government is more concerned with Chu fleeing to Taiwan – with which the United States does not have an extradition treaty – than fleeing to Ohio.

11

Nevertheless, although he does not have family here and his employment may be in jeopardy, Chu has maintained his residence in this District since 2015 – and family ties are not the only ties one develops in a community.

Notably, the majority of factors to consider under § 3142(g)(3)(A) weigh in favor of granting pretrial release.  Chu has no reported physical or mental conditions, his main asset is his home in Ypsilanti, he has no history relating to drug or alcohol abuse, no criminal history, no record of failing to appear at court proceedings or disobeying court orders.  Moreover, other than lying to try to obtain a security clearance so he could obtain a certain position of employment and moving abroad without telling his employer, the government fails to raise any past conduct or character issues related to Chu which demonstrate by a preponderance of the evidence that no condition or conditions of release will reasonably assure Chu's appearance – such that the Court must detour from the default position of releasing a defendant pending trial.  *See Stone*, 608 F.3d at 945.

This factor is neutral and does not weigh in favor of detaining Chu pending trial.

12

### D.    Conditions Exist That Will Reasonably Assure Chu's Appearance

After considering the factors set forth in 18 U.S.C. § 3142(g) and the parties' arguments, the Court finds the government fails to prove by a preponderance of the evidence that "no conditions of release can assure that the defendant will appear and to assure the safety of the community." *Stone*, 608 F.3d at 946.

In addition to the above factors, the Court affords considerable weight to the recommendation from Pretrial Services to release Chu pending trial and its assessment regarding the risk non-appearance.  Particularly, Pretrial Services indicated that it "believes there are conditions that can be imposed to mitigate [the risk of Chu's non-appearance]" and recommended to release Chu on a $10,000 unsecured bond with several special conditions.

## IV.   CONCLUSION

The Court **GRANTS** Chu's motion to vacate order of detention/motion for bond [ECF No. 13].

The Court will enter a separate "Order Setting Conditions of Release."

13

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  February 6, 2023