United States District Court
Eastern District of Michigan
Southern Division

United States of America,

        Plaintiff,

        Case No. 22-20011

v.

        Hon. Victoria A. Roberts

Yifei Chu,
        aka "Philip Chu,"

        Defendant.

_____/

## Plea Agreement

The United States of America and the defendant, Yifei Chu, have

reached a plea agreement under Federal Rule of Criminal Procedure 11.

The plea agreement's terms are:

### 1.    Count of Conviction

The defendant will plead guilty to Counts 1 and 2 of the Indictment.

Count 1 charges the defendant with Making a False Statement, in

violation of 18 U.S.C. § 1001. Count 2 charges the defendant with

Falsification of Records in a Federal Investigation, in violation of 18

U.S.C. § 1519.

The defendant understands that the counts to which he is pleading guilty carry the following minimum and maximum statutory penalties:

| Count 1 | Term of imprisonment: | Not more than Five (5) Years |
| | Fine: | $250,000.00 |
| | Term of supervised release: | One (1) to Three (3) years |
| Count 2 | Term of imprisonment: | Not more than Twenty (20) Years |
| | Fine: | $250,000.00 |
| | Term of supervised release: | One (1) to Three (3) years |

## 2. Agreement Not to Bring Additional Charges

If the Court accepts this agreement and imposes a sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will not bring additional Obstruction of Justice, False Statement and/or Perjury charges against the defendant for the conduct reflected in the Criminal Complaint.

## 3. Elements of Count of Conviction

The elements of Count 1 (18 U.S.C. §1001) are:

A)   The defendant made a statement;

B)   The statement was false;

C)    The statement was material;

D)    The defendant acted knowingly and willfully; and

E)    The statement pertained to a matter within the jurisdiction of the executive branch of the United States government.

The elements of Count 2 (18 U.S.C. §1519) are:

A)    The defendant knowingly falsified a document;

B)    The defendant acted with the intent to influence the investigation in relation to a matter; and

C)    The matter was within the jurisdiction of the United States Department of Justice, the United States Department of Commerce, the United States Department of Defense, and the United States Office of Personal Management, which are Departments of the United States.

## 4.    Factual Basis

The parties agree that the following facts are true, accurately describe the defendant's role in the offense, and provide a sufficient factual basis for the defendant's guilty plea:

> The defendant, Yifei Chu, is a naturalized United States citizen from Taiwan and employee of the National Oceanic and Atmospheric Administration, who applied for a three-year detailed assignment to the United States Embassy in Singapore working for the United States Navy.

On or about August 11, 2021, the defendant completed and filed a security clearance application, to obtain access to classified national security information, which was necessary for his detailed assignment. The defendant completed and filed his security clearance application from his home in Ypsilanti, Michigan. The defendant made several false statements on the security clearance application, including, but not limited to, that, in the past seven years, he did not provide advice or support to any foreign business or foreign organization.

On or about January 26, 2022, while in his home in Ypsilanti, Michigan, the defendant signed an affidavit as part of his completion of his security clearance application. The defendant made several false statements in his affidavit, including, but not limited to, that he never had any affiliation with a foreign government, military, security, defense industry, or intelligence service other than during his Taiwanese mandatory military service years earlier.

At the time the defendant completed and filed the security clearance application, and signed his affidavit, he knew these statements were not true because he then and there knew that, in fact, starting in 2016 and continuing until 2018, the defendant worked for a Taiwanese company and the Taiwanese Navy on a classified Taiwanese naval project. The defendant knew he signed a letter of intent with the Taiwanese company in 2016, was paid money by the Taiwanese company, and traveled to a Taiwanese naval base three times from 2016 to 2018 to meet with Taiwanese military officials in performance of his consulting work.

At the time the defendant completed and filed his security clearance application and signed his affidavit, he knew that it was a federal crime to make false statements on the security clearance application and in the affidavit. The defendant made these false statements with the intent to

influence the investigation related to his security clearance application.

The false statements made by the defendant in his security clearance application and in his signed affidavit were material to whether the defendant's application for a security clearance would be granted. In addition, the defendant's false statements in his security clearance application and in his signed affidavit pertained to matters within the jurisdiction of the executive branch of the United States government, namely the United States Department of Justice, the United States Department of Commerce, the United States Department of Defense, and the United States Office of Personal Management.

## 5.    Advice of Rights

The defendant has read the Indictment, has discussed the charges and possible defenses with his attorney, and understands the crime charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A.    The right to plead not guilty and to persist in that plea;

B.    The right to a speedy and public trial by jury;

C.    The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D.   The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E.   The right to confront and cross-examine adverse witnesses at trial;

F.   The right to testify or not to testify at trial, whichever the defendant chooses;

G.   If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H.   The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I.   The right to compel the attendance of witnesses at trial.

**6.   Collateral Consequences of Conviction**

The defendant understands that his conviction here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his conviction here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The

defendant further understands that the additional consequences of his conviction here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's conviction might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his conviction.

## 7. Defendant's Guideline Range

### A. Court's Determination

The Court will determine the defendant's guideline range at sentencing.

### B. Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a) for his guideline calculation on Count 1 under USSG § 2J1.2.

## C.   Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that, for purposes of this plea, the following guideline provisions do not apply to the defendant's guideline calculation on Count 2. The parties recommend that the defendant not be assessed a three (3) level increase under 2J1.2(b)(2).

The parties have no other recommendations as to the defendant's guideline calculation.

## D.   Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 7.B, or 7.C. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

## E.   Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or

factual stipulations in paragraphs 7.B, or 7.C. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

## 8. Imposition of Sentence

### A. Court's Obligation

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

### B. Imprisonment

#### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment not exceed the midpoint of the defendant's guideline range as determined by the Court.

#### 2. No Right to Withdraw

The government's recommendation in paragraph 8.B.1 is not binding on the Court. The defendant understands that he will have no

right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If, however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C.  Supervised Release

#### 1.  Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a one-year term of supervised release.

#### 2.  No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 8.B.1, will

not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D.   Fines

There is no recommendation or agreement as to a fine.

### E.   Special Assessment

The defendant understands that he will be required to pay a special assessment of $200, due immediately upon sentencing.

## 9.   Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed the statutory maximum, the defendant also waives any right he may have to appeal his sentence on any grounds.

## 10.   Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any

other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

## 11. Consequences of Withdrawal of Guilty Plea or Vacation of Judgment

If the defendant is allowed to withdraw his guilty plea, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed, or were not charged, as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

## 12.   Use of Withdrawn Guilty Plea

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

## 13.   Parties to Plea Agreement

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## 14.   Scope of Plea Agreement

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have

entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

## 15. Acceptance of Agreement by Defendant

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 5:00 PM on March 8, 2023. The government may withdraw from this agreement at any time before the defendant pleads guilty.

Dawn N. Ison
United States Attorney

Michael C. Martin
Chief, National Security Unit
Assistant United States
Attorney

Ronald W. Waterstreet
Assistant United States
Attorney

Dated: *March 27, 2023*

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it

with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all his questions answered by his attorney, and is satisfied with his attorney's advice and representation.

_____          _____
Attorney for Defendant                                Yifei Chu
                                                                    Defendant

Dated: 3/28/23